IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| v. ) | Case No. 08-CR-011-GKF |
| ) | |
| ) | |
| KYLE WAYNE ISAACS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The petitioner, Kyle Wayne Isaacs ("Isaacs"), appears *pro se* in this matter and asks this court to 1) vacate or set aside the sentence imposed by the court, 2) appoint counsel for the defendant, 3) conduct a hearing on this motion. (Dkt. #30). Because Isaacs moves *pro se*, the Court construes his pleadings liberally. *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). After liberal construction of the pleadings, the Court finds that Isaacs is not entitled to have his sentence vacated, nor is he entitled to be appointed counsel or have a hearing in this matter. The Court furthermore declines to treat Isaacs' petition as a §2255 motion.

*I. BACKGROUND[1]*

On November 28, 2007, Isaacs was under surveillance by Tulsa Police who possessed a warrant to search his residence. When Isaacs left the residence in his vehicle, Tulsa County

---

[1] These facts are contained in the government's Response in Opposition to Defendant's Motion to Reopen the Case and Appoint Counsel. (Dkt. #35). Isaacs disputes only the fact that drugs were found in his home when the search warrant was executed. (Dkt. #30).

Sheriff's Deputy Lance Ramsey attempted to initiate a traffic stop after verifying via teletype that Isaacs was driving with a revoked license. Isaacs fled in his vehicle, speeding through a school zone and dumping a "crystal powdery substance" out of a ziploc bag that he dropped out the window. Tulsa Officer Jeff Henderson and then-ATF Special Agent Brandon McFadden retrieved the bag, containing what later proved to be methamphetamine. Isaacs drove over numerous spike strips put in place to slow or stop him. He ultimately pulled over near 26900 West Highway 64/51 and was apprehended.

Isaacs' residence was then searched pursuant to the existing warrant. Officer Bill Yelton located a duffel bag containing approximately 189 grams of methamphetamine, four individual bags containing approximately 87 grams of methamphetamine, several bags containing approximately 397 grams of marijuana, and a loaded 9 mm semi-automatic pistol. Officer Frank Khalil found additional methamphetamine and marijuana in Isaacs' brother's room. Officer Castleberry located a semi-automatic rifle and another 9 mm pistol in the attic. In a statement to Officers Henderson and McFadden, Isaacs claimed that all of the drugs and guns were his.

On April 16, 2008, Isaacs pleaded guilty, with a written plea agreement, to one count of possession with intent to distribute 500 grams or more of methamphetamine, and another count for possession of a firearm in furtherance of a drug trafficking crime. On August 18, 2008, this Court sentenced Isaacs to 211 months of confinement and five years of supervised release.

Isaacs now moves to have his sentence vacated or set aside on the grounds that two of the law enforcement officers involved in his arrest, Brandon McFadden and Jeff Henderson, have been implicated in a police corruption scandal. (Dkt. #30). Former ATF agent McFadden pleaded guilty to drug conspiracy charges and admitted that he and other law enforcement officers stole drugs and

money, falsified police reports, and gave false testimony in several specific instances. *See USA v. Brandon Jay McFadden*, Case No. 10-CR-058, Dkt. #29. None of McFadden's admitted actions relate to Isaac's case. *Id.* Officer Henderson was also implicated in McFadden's plea, but neither the plea nor Isaacs' citation to the Tulsa World provide any evidence that Officer Henderson acted inappropriately in Isaacs' case. (Dkt. #30)

.

## *II. MOTION FOR A NEW TRIAL*

There is no procedural mechanism under which Isaacs may, under the facts he currently alleges, successfully move for a new trial or to reopen this case because the new evidence that he relies upon in his motion is merely impeaching, and does not tend to exculpate him. Isaacs styles his motion as a arising under Federal Rule of Civil Procedure 60(d), but that civil mechanism is unavailable in a criminal case. *U.S. v. Edge*, 315 F. App'x. 92, 94-95 (10th Cir. 2009). This Court liberally construes his pleadings as a motion for a new trial under Federal Rule of Criminal Procedure 33. Rule 33, however, is inapplicable when the defendant has pleaded guilty. *U.S. v. Calabaza*, 158 F. App'x 968, 969 (10th Cir. 2005); *U.S. v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979).

To challenge a guilty plea for newly discovered evidence, the proper procedural mechanism would be to file a habeas corpus motion under 28 U.S.C. §2255. The Court declines to construe Isaacs' motion as a §2255 motion because once a §2255 motion has been filed and rejected, it "may make it significantly more difficult for that litigant to file another such motion." *Castro v. U.S.*, 540 U.S. 375, 382 (2003). The Court does not commit itself to any ruling on a potential future §2255 motion, but it notes that such motions are typically unsuccessful when the

only new evidence raised is impeachment evidence, and not evidence that goes directly to innocence or guilt. *See U.S. v. Combs,* 267 F.3d 1167, 1177 (10th Cir. 2001); *U.S. v. Brewster*, 630 F.2d 795 (10th Cir. 1980).

### *III.  APPOINTMENT OF COUNSEL*

Isaacs is not entitled to an attorney in a collateral attack upon his conviction, and this Court declines to appoint counsel when Isaacs has raised only new impeachment evidence and no evidence that goes directly to his guilt or innocence.  The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Penn. v. Finley*, 481 U.S. 551, 555 (1990).  "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Id.*  Isaacs requests an attorney to "fully develop and identify the facts supporting this Motion."  (Dkt. #30).  However, Isaacs has not raised any new evidence that relates directly to his guilt or innocence from which an attorney could develop a further record.  Isaacs has presented no evidence that the drugs dumped out of his car window were not his, that the guns found in his home were not his, or that the drugs found in his home were not his.  A mere assertion by Isaacs that the drugs were planted by police officers is not "new evidence."   Evidence that some of the officers involved in his arrest were implicated in illegal behavior in other cases is not direct evidence of any impropriety in this case.  Appointment of counsel would be inappropriate when there is no factual dispute to develop.

### IV.  REQUEST FOR A HEARING

Because Isaacs has not brought any evidence to this Court's attention that creates a bona fide dispute of fact, and because he has not raised any evidence that goes directly to his guilt or innocence, this Court finds that a hearing on these issues is unnecessary.

WHEREFORE the Motion to Reopen the Case and to Appoint Counsel (Dkt. #30) is denied.

IT IS SO ORDERED this 2nd day of November, 2010.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma